

ORDERED in the Southern District of Florida on October 8, 2012.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

PEDRO DE LA VEGA
YOLANDA DE LA VEGA

Case No: 12-28091-LMI
Chapter: 13

_____Debtors_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY DADE COUNTY FEDERAL UNION,
DE #32

THIS CASE came to be heard on October 2, 2012, on the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property Held by Dade County Federal Union,* (Docket Entry #32; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of Debtors' real property (the "Real Property") located at 6640 W. 24 Court, Unit 102, Hialeah, Florida 33016, more particularly described as:

**Legal Description:  Condominium Unit No. 102, Building 25, of Lago**

**Grande 4 B Condominium, according to the Declaration of Condominium thereof, Recorded in Official Records Book 11965, Page 575, of the Public Records of Miami-Dade County, Florida.**

is $70,000.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Dade County Federal Credit Union (the "Lender") is $122,071.00.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Lender has an allowed secured claim of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded May 9, 2006 at Book 24503 Pages 1330-1335 (6 pages) in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has filed a proof of claim in this case (3-1). It shall be classified as a secured claim in the amount stated in paragraph two (2) above, and as a general unsecured claim in the amount of $40,723.32, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.